# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>vs.<br>SCOTT ALAN DUCHENE,<br><br>    Defendant. | CASE NO. 09CR2039WQH<br>CASE NO. 11CV872WQH<br><br>ORDER |

HAYES, Judge:

    The matter before the Court is the Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody filed by Defendant. ECF No. 46. Defendant moves the court to modify his sentence on the grounds that he was denied credit by the Bureau of Prisons for sentence modification upon successful completion of the RDAP. The Court finds that the issues raised in the petition are appropriate for summary disposition.

## APPLICABLE LAW

    28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." A district court must

1  summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached
2  exhibits, and the record of prior proceedings that the moving party is not entitled to relief."
3  Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District courts.
4  When this standard is satisfied, neither a hearing nor a response from the government is
5  required. *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

## RULING OF THE COURT

In this case, the record conclusively shows that the Defendant is not entitled to the relief requested. A claim for credit against a federal sentence for time spent in custody is not a proper section 2255 claim because it challenged the Attorney General's execution of sentence and not the district court's imposition of sentence. *United States v. Espinoza*, 866 F.2d 1067, 1070-71 (9th Cir. 1988).

IT IS HEREBY ORDERED that the Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ECF No. 46 filed by Defendant is denied.

DATED: April 28, 2011

**WILLIAM Q. HAYES**
United States District Judge